U.S. DISTRICT COURT EASTERN VIRGINIA
Alexandria

2023 MAR -2  P 2:57

PAUL BOYNE
    *Plaintiff*,

v

STACEY KINCAID,
in her individual and official
capacity as Sheriff,

MATTHEW CISLER,
in his individual and official
capacity as deputy sheriff,

JOHN DOE, 1-5,
unnamed deputies in individual
and official capacities as deputies,

    *Defendants*

**COMPLAINT**

**JURY DEMAND**

Civil Case #

1:23 cv 279

Plaintiff, Paul Boyne, appearing pro se, for complaint against defendants, Sheriff Stacey Kinkaid and her deputies of Fairfax County, alleges as follows:

## INTRODUCTION AND PARTIES

1. Mr. Boyne is a resident of this district.

2. Stacey Kincaid is the Fairfax County Sheriff, in this district.

3. Matthew Cisler is a deputy who led a team of five deputies to expel the plaintiff from the county courthouse on 18 October 2022, in deprivation of

1

redress rights under First Amendment, denial of equal protection of Fourteenth Amendment, and violation of pubic accommodation laws.

4. Mr. Boyne brings this action, seeking compensatory damages, declaratory judgment, injunctive relief, punitive damages, other damages deemed just and proper, and attorney fees pursuant to 42 USC §§1983, 1985 and 42 USC §1988 for violations of constitutionally protected redress rights under First Amendment, denial of federal protection of Fourteenth Amendment equal protection and due process rights, violation of Third Enforcement Act of 1871, (Ku Klux Klan Act) 18 USC §241, notwithstanding. Further claims civil rights violation under 42 USC §2000a for discrimination in denial of public accommodation in barring access to a restroom.

5. The entire event is captured on sheriff video.

## JURISDICTION AND VENUE

6. This action is brought under 42 USC §§1983, 1985; 42 USC §1988; 42 USC §2000a; First and Fourteenth Amendments of the federal Constitution.

7. The jurisdiction of this Court is per 28 USC §1331, 28 USC §1343, and 42 USC §1983. The Court has jurisdiction for declaratory relief pursuant to 28 USC §§2201, 2202.

8. Mr. Boyne further invokes Court's pendent jurisdiction, pursuant to 28 USC §1367(a), over any and all state law claims and as against all parties that

are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

9. Venue is proper in D. Eastern Virginia per 28 USC §1391(b) as all acts, omissions, and deprivations occurred in the district.

## FACTUAL BACKGROUND

10. On 18 October 2022 the clerks of the Fairfax County Circuit Court of the 19th Judicial District of Virginia did refuse a pleading in rights under state law §19.2-60, in violation of State Supreme Court Rule 3:3(a): The clerk shall receive and file all pleadings when tendered, without order of the court.

11. Mr. Boyne addressed the matter to chambers, presenting the pleading to clerks, requesting the chief judge be informed of the violation of rules, when six armed deputies led by Matthew Cisler expelled him from the courthouse under threat of arrest. The incident is recorded on Cisler's bodycam.

12. Cisler physically denied use of a public bathroom.

## CLAIM FOR RELIEF
### Violation of Rights

13. Items 1-12 incorporated herein.

14. Defendants acted illegally, under color of police powers, in deprivation of rights, denial of redress rights, exercised by filing pleadings, presence in a state courthouse, discriminatory denial of accommodation, on excuse of 'disturbance' for effort to file one piece of paper with a clerk who is bound by

state law to accept same. See Article VI, §5, Constitution of Commonwealth of Virginia.

15. Defendants acted unlawfully by ejecting a person from the courthouse for no claim of criminal conduct, no charges, no citation of criminal law, a complete disregard of law and constitutional rights; redress, equal protection, due process.

## DEMAND FOR JURY TRIAL

16. Per Rule 38 of the Federal Rules of Civil Procedure, jury trial demanded.

## PRAYER FOR RELIEF

Plaintiff, Paul Boyne, prays for relief and demands judgment as follows:

1. Mr. Boyne be awarded compensatory damages against defendants in an amount to be determined at trial;

2. Mr. Boyne be awarded punitive damages against defendants in an amount to be determined at trial;

3. This Court, pursuant to 42 USC §1988, award attorney fees and costs; and

4. Court award such further relief, with any other legal or equitable relief, or both, as the Court deems just and proper.

March 2, 2023

Paul Boyne
8105 CreekviewDrive
Springfield, VA 22153
(202) 630 5266   paboyne@gmail.com

4