UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PAUL BOYNE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 1:23cv279 (PTG/WEF) |
| STACEY KINCAID et al., | ) ) ) |
| Defendants. | ) ) ) |

**REPORT & RECOMMENDATION**

This matter is before the Court on *pro se* Plaintiff's third Motion for Leave to Proceed *in forma pauperis* (the "Third IFP Motion"). (Dkt. 10). Plaintiff's Third IFP Motion fails to provide sufficient information for the undersigned to determine whether Plaintiff is financially able to pay the fees and costs associated with this litigation, and Plaintiff having twice willfully failed to comply with a Court order requesting additional financial information, the undersigned now recommends the Court deny the Third IFP Motion with prejudice.

**I.   Procedural History**

On March 2, 2023, Plaintiff filed this cause of action in which he alleges the Fairfax County Sheriff and six deputy sheriffs violated various statutory and constitutional protections when they ordered Plaintiff to leave the Fairfax County Courthouse under threat of arrest. (Dkt. 1). Specifically, Plaintiff alleges that the Fairfax County Clerk's Office refused to accept his pleadings for filing and Plaintiff then attempted to "address the matter to chambers … requesting the chief judge be informed," at which time he was escorted from the courthouse by Sherriff's deputies. (Dkt. 1).

When Plaintiff filed his Complaint, he did not pay the filing fee required to initiate a civil action in this Court. *See* Local Civ. R. 54(A) ("All fees and costs due the Clerk shall be paid in advance except as otherwise provided by law."). Rather, Plaintiff submitted a Motion for Leave to Proceed *in forma pauperis*, including an underlying Application to Proceed in District Court Without Prepaying Fees or Costs (the "First IFP Motion"), on the Administrative Office's "short form" application. (Dkt. 2). In so doing, Plaintiff asserted without further explanation that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1] However, the same day Plaintiff filed an "E-Noticing Registration Request for Pro Se Litigants" in which he stated that he lived at a residence in suburban Virginia and maintained an active cell phone. (Dkt. 3).[2] These representations were potentially inconsistent with Plaintiff's claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In addition, Plaintiff provided no explanation as to how he paid for the essential necessities of life or whether he was financially supported by a third party. The undersigned determined it was necessary to have a greater understanding of Plaintiff's financial circumstances to properly assess Plaintiff's *in forma pauperis* request.

Therefore, consistent with past practice involving other similarly situated litigants, on March 14, 2023, the undersigned denied without prejudice Plaintiff's First IFP Motion because the Court was "unable to adequately assess Plaintiff current financial circumstances, such as

---

[1] As it has previously in this case, the Court finds it is necessary to seal certain information in this Order, to maintain the confidentiality of personal financial information submitted by Plaintiff in his application in support of the Motion. See *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (the court "has supervisory power over its own record and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests") (citation and internal quotations omitted).

[2] Plaintiff's request for electronic notification was granted by the undersigned on March 9, 2023. (Dkt. 5).

2

Plaintiff's employment status or financial means of support," expressly granting Plaintiff leave to file a renewed motion to proceed *in forma pauperis* ("IFP"), using the "long form" application provided by the Administrative Office. (Dkt. 6). The March 14, 2023 Order included a link to the "long form" application as well as notice that if Plaintiff failed to pay the required fees or comply with [the March 14, 2023] Order, then the undersigned may recommend to a United States District Judge that this matter be dismissed. (Dkt. 6).

On March 15, 2023, Plaintiff filed a second Motion for Leave to Proceed *in forma pauperis*, including an underlying Application to Proceed in District Court Without Prepaying Fees or Costs (the "Second IFP Motion"), on the Administrative Office's "long form" application. (Dkt. 7). However, Plaintiff's Second IFP Motion essentially restated the information contained in the First IFP Motion and failed to provide the additional information or explanation required by the undersigned. Therefore, on March 21, 2023, the undersigned denied the Second IFP Motion without prejudice, again permitting Plaintiff file a third IFP motion, with the benefit of the Court's more detailed explanation of the Second IFP Motion's shortcomings. (Dkt. 8). Specifically, the March 21, 2023 Order required Plaintiff at the very least to provide an explanation as to how he meets his basic living expenses, including housing and payment for his cell phone, ▮▮▮▮▮▮▮▮. (Dkt. 8).

Finally, on March 22, 2023, Plaintiff filed his Third IFP Motion including an underlying Application to Proceed in District Court Without Prepaying Fees or Costs (the "Third IFP Motion"), on the Administrative Office's "long form" application. (Dkt. 10). The Third IFP Motion generally mirrors the Second IFP Motion except that Plaintiff simply writes ▮▮▮▮▮▮▮▮ (Dkt. 10). First, these statements are again seemingly inconsistent with information provided by Plaintiff that he lives in a home in suburban Virginia and maintains a cell

3

phone. (Dkts. 3, 7, 10). Second, these statements on their face are insufficient to satisfy the undersigned's March 21, 2023 Order requiring a more fulsome explanation of Plaintiff's financial condition. For the reasons set forth below, the undersigned finds that Plaintiff's persistent failure to comply with the Court's Orders to provide additional information regarding his financial circumstances is both intentional and willful, and therefore the undersigned recommends that the Third Application be denied with prejudice.

## II.   Legal Standard

Pursuant to 28 U.S.C. § 1915, a federal court may allow certain litigants to commence and prosecute a civil action without paying the required fees. *See DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003). The statute "is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *See Justice v. Hobgood*, No. 5:13-CV-077-BR, 2014 WL 12495256, at *1 (E.D.N.C. May 27, 2014) (citing *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981)). To qualify, an indigent litigant must file an affidavit that includes statements of the litigant's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1); *Gilmore*, 315 F.3d at 398. A litigant need not prove that he or she is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "IFP status is a privilege, not a right, and is only available to a litigant who establishes an inability, due to poverty, to pay the requisite filing fees and still provide for the necessities of life." *El v. U.S. Dep't of Commerce*, No. 2:15-cv-532, 2016 WL 9223874, at *1 (E.D. Va. Sept. 21, 2016) (citation and internal quotations omitted). While not entirely dispositive, courts consistently rely on the current federal poverty guideline to evaluate an IFP motion. *See, e.g., id.* at *1; *Justice*, 2014 WL 12495256, at *3. Ultimately, "[w]hether to grant applications to proceed IFP is up to the discretion of the district

court." *Kunamneni v. Locke*, Nos. 1:09CV005, 1:09CV450, 2010 WL 1946124, at *1 (E.D. Va. May 12, 2010) (citing *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980)).

### III.   Analysis

**A. Plaintiff's Failure to Provide Information Ordered by the Court**

The Court must ensure that indigent litigants have equal access to the judicial process. However, in doing so the Court must conduct a reasonable inquiry to determine a litigant's financial circumstances, including actual and imputed income, assets, and liabilities. The Court need not conduct a detailed forensic accounting but must have sufficient information to make a reasoned determination that the plaintiff does not have the financial resources to pay the required filing fees and still provide for the necessities of life. In order for the Court to properly discharge its responsibility, the Court may order the movant to provide additional facts or further explanation where the application on its face fails to provide sufficient information or raises issues that require clarification. *See, e.g.*, *Barnes v. Astrue*, No. 2:09–CV–51, 2009 WL 3415154, at *1 (N.D. W. Va. Oct. 16, 2009) (recounting multiple court orders for plaintiff to file additional information in support of their IFP application).

Consistent with this approach, Plaintiff was given multiple opportunities to provide the undersigned with sufficient financial information as well as to explain his unusual financial circumstances and seemingly inconsistent representations. Regrettably, Plaintiff failed to do so. Plaintiff's Third IFP Motion suffers from the same inconsistencies and insufficiencies as his First and Second IFP Motions. Specifically, in his Third IFP Motion Plaintiff simply repeated his claim that he █████████████████████████████████████████. (Dkt. 10). Plaintiff refused to provide any explanation as to how he meets his basic financial needs ████████████ ████████████ and thereby failed to comply with the undersigned's Order of March 21, 2023.

5

The undersigned required a simple answer to an obvious question. Instead, Plaintiff added only two statements to his earlier motions: ███████████ and ███████████ (Dkt. 10). However, Plaintiff failed to reconcile the statement ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*See* Dkt. 1). In addition to being potentially inconsistent, these facts suggest that Plaintiff may well incur some basic living expenses that are paid for either by himself or a third party, and this information would clearly be relevant to the *in forma pauperis* analysis. Here again, Plaintiff's failure to provide this information represents a clear failure to comply with the undersigned's Order of March 21, 2023. In the face of these apparent inconsistencies which the Plaintiff has now twice refused to explain, and considering Plaintiff's refusal to disclose how he meets his basic living expenses █████████████████████, the Court is not obligated to accept at face value Plaintiff's bare representations and the undersigned recommends the Court exercise its authority to deny with prejudice Plaintiff's Third IFP Motion. *See Bates v. Thomas*, Nos. 3:14cv164, 3:14cv165, 3:14cv193, 3:14cv320, 3:14cv322, 3:14cv380, 3:14cv381, 2014 WL 11515557, at *1 (E.D. Va. June 23, 2014) (denying IFP status because the application "present[s] an implausible financial picture," leading the court to "conclude[] that the financial information in the motions is insufficient to warrant a finding that the plaintiff qualifies for [IFP]").

### B. Plaintiff's Conduct Demonstrates a Willful Failure to Comply with Court Orders

In recommending an appropriate remedy, it necessary for the undersigned to consider Plaintiff's well-documented history of antagonistic conduct towards the Court and Court staff, as well as a clear pattern of refusing to comply with Court orders, including with respect to the process of applying to proceed *in forma pauperis*.

Beginning in August 2022, Plaintiff began filing a series of civil suits alleging certain violations of his rights regarding a law enforcement search of his home. *See Boyne v. Sponheimer*, No. 1:22-cv-00905, Dkt. 1. Plaintiff moved for leave to proceed *in forma pauperis*; however, as in this case, the Court determined that Plaintiff's application did not provide sufficient information to permit the Court to grant the motion. *Id.*, Dkts. 2, 6. The Court granted Plaintiff leave to amend his application and re-file with an "explanation regarding Plaintiff's current income, assets, and expenses." *Id.*, Dkt. 6. Plaintiff failed to do so.

Upon consolidating two of Plaintiff's cases regarding the execution of the same search warrant, the Court again ordered Plaintiff to re-file an IFP motion. *Id.*, Dkt. 14. Plaintiff again failed to do so. Rather, Plaintiff filed numerous other frivolous motions with the Court, sent obscene drawings, and subjected the Court's staff to "repetitive, inappropriate, and harassing phone calls." *See id.*, Dkt. 15; *see also id.*, Dkts. 16-22. Indeed, this Court has described Plaintiff's communications with staff as "overwhelmingly belligerent." *Boyne v. McCord*, No. 1:23-cv-00234, Dkt. 5. Ultimately, Plaintiff's suit was dismissed for failure to comply with the Court's orders, pursuant to Federal Rule of Civil Procedure 41(b). No. 1:22-cv-00905, Dkt. 23.

Plaintiff quickly filed four subsequent suits, all based upon the same claims arising out of the execution of the same search warrant. In each, Plaintiff failed to comply with the Court's orders, specifically with respect to his IFP applications, and the Court therefore dismissed the cases. *See Boyne v. Sponheimer*, No. 1:22-cv-01182, Dkt. 19; No. 1:23-cv-00234, Dkt. 5. In the final instance, due to Plaintiff's "particularly vexatious" history, the Court imposed a pre-filing injunction that bars Plaintiff from bringing additional suits "that arise out of or relate to the events underlying these lawsuits without obtaining approval from the [Court]."[3] No. 1:23-cv-00234, Dkt.

---

[3] The Court also noted that these cases, though the most recent, are far from the first time Plaintiff

5.

The Court ordered the pre-filing injunction on March 1, 2023. The following day, March 2, 2023, Plaintiff filed this suit, which alleges violations of various rights but arises out of a separate series of events and, therefore, the instant case is not subject to the Court's prefiling injunction. (Dkt. 1).

In this case, Plaintiff continues his practice of illustrating his pleadings with obscene gestures, specifically in both his Second and Third IFP Motions. (Dkt. 7 at pgs. 2,3,4,5; Dkt. 10 at pg. 5). In doing so, the message Plaintiff is sending to the Court is quite clear: that he is simply not going to comply with the Court's March 14 and March 21 Orders under any circumstances. This is relevant to the issue before the Court because it demonstrates an intentional and willful refusal to comply with the Court's orders.[4]  Generally, if a *pro se* plaintiff is making a good faith effort to comply with Court rules but having difficulty navigating the complexities of the judicial process, the Court makes every reasonable effort to ensure the *pro se* party is positioned to properly litigate their claim. The Court has done so with this *pro se* Plaintiff, in this case and in others. There is nothing in the record to suggest that Plaintiff's refusal to comply with the Court's orders is the product of mistake, confusion or any other innocent reason. To the contrary, the record clearly establishes that Plaintiff's refusal is purposeful. In fact, given the dismissal of Plaintiff's previous cases under similar circumstances, Plaintiff must have anticipated the consequences of

---

has appeared before this Court. No. 1:23-cv-00234, Dkt. 5. ("Undeterred by the consistent rejection of his claims, Mr. Boyne has—for five years—continued to initiate successive suits raising virtually identical challenges to searches of his home.")

[4] To dismiss Plaintiff's Third IFP Motion with prejudice, the Court need not find that Plaintiff acted intentionally or willfully when he failed to comply with the undersigned's March 14, 2023 and March 21, 2023 Orders. Plaintiff's intent, however, is a relevant fact properly considered by the Court when determining the appropriate remedy.

refusing to comply with the Court's orders in this case.

For these reasons, the undersigned finds that Plaintiff's refusal to provide necessary financial information after being given repeated opportunities and clear instructions by the Court was willful, and the undersigned further finds that any future efforts to compel Plaintiff to provide the Court a more complete understanding of his financial circumstances would be futile.

## IV. Recommendation

Accordingly, the undersigned recommends the Court deny Plaintiff's Third IFP Motion (Dkt. 10) with prejudice.

## V. Notice

The parties are notified that objections to this proposed findings of fact and recommendations must be filed within 14 days of service of these proposed findings of fact and recommendations in accordance with 28 U.S.C. § 636(b)(1)(C) and a failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

The Clerk is directed to send an unredacted copy of this Report and Recommendation to Plaintiff.

*William E. Fitzpatrick*
WILLIAM E. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

May 2, 2023
Alexandria, Virginia

9