IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PAUL BOYNE ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | |
| ) | Case No. 1:23-cv-279 (PTG/WEF) |
| STACEY KINCAID, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

### ORDER

This matter comes before the Court on the May 2, 2023 Report and Recommendation ("R&R") from Magistrate Judge William E. Fitzpatrick regarding Plaintiff's third Motion for Leave to Proceed *in forma pauperis* ("IFP") (Dkt. 10). Dkts. 12, 13.[1] Judge Fitzpatrick advised the parties that objections to the R&R must be filed within fourteen (14) days of service. Since then, Plaintiff filed a Motion for Article III Review (Dkt. 14) and a Motion for Clarification (Dkt. 16), on May 8 and May 10, 2023, respectively. The Court will construe these Motions together as Plaintiff's objections to the R&R.

Plaintiff challenges the R&R's denial of IFP status, contending that Judge Fitzpatrick "makes finding of facts for which no evidence exists, making assumptions, absent due process, holding no hearings" and demanding disclosure of the "due process elements" underlying Judge Fitzpatrick's denial. Dkt. 14 at 1; Dkt. 16 at 1. The Court finds no error in the reasoning articulated in the R&R. Authorizing the commencement of an action without the prepayment of fees is at a court's discretion and does not require a hearing. *See* 28 U.S.C. § 1915(a)(1) (providing that "any court of the United States may authorize the commencement . . . of any suit,

---

[1] A sealed version of the R&R is at Docket No. 12 and a redacted version of the R&R is at Docket No. 13.

action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor"); *Blakely v. Wards*, 738 F.3d 607, 612 (4th Cir. 2013), *as amended* (Oct. 22, 2013) (stating that a court "has the discretion to allow[] the commencement of a suit without prepayment of fees" and finding that "Congress vested in courts the authority to decide whether to grant [IFP] status"). Proceeding IFP is a "privilege," one that Plaintiff is not entitled to here, especially given his refusal to provide additional information that would permit the Court to evaluate his ability to pay. *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (describing "the privilege of proceeding in forma pauperis" as "a matter within the discretion of the District Court").

Plaintiff was given not one, but three, opportunities to provide information sufficient for the Court to determine that Plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). Plaintiff not only failed to provide such information, but has also resorted to drawing crude gestures on his filings, using disrespectful language in his motions, and sending harassing emails and phone calls to chambers and court staff. Thus, the Court finds that Plaintiff's failure to provide more detailed information related to his Motion for Leave to Proceed IFP (Dkt. 10) merits denial of the Motion.[2] The Court also finds that Plaintiff's sustained failure to comply with the Court's orders to provide information related to all three of his motions seeking IFP status (Dkts. 2, 7, 10) merits dismissal of this action in its entirety pursuant to Federal Rule of Civil Procedure 41(b).

After reviewing the record and the R&R, and finding good cause, the Court hereby

---

[2] The Court also notes that Plaintiff has paid the filing fee in another case, Case No. 1:23-cv-00578, initiated in this court after the present case, on May 1, 2023.

**APPROVES** and **ADOPTS** the recommendation Judge Fitzpatrick sets forth in the R&R (Dkts. 12, 13). Accordingly, it is

    **ORDERED** that Plaintiff's Motion for Leave to Proceed IFP (Dkt. 10) is **DENIED** with prejudice; it is further

    **ORDERED** that Plaintiff's Complaint (Dkt. 1) is **DISMISSED** in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 41(b); and it is further

    **ORDERED** that Plaintiff's Motion for Article III Review (Dkt. 9); Request for E-file Access (Dkt. 11); Motion for Article III Review (Dkt. 14); and Motion for Clarification (Dkt. 16) are **DENIED** as moot and because the Court finds that the Motions and Request are without merit.

    To appeal this decision, Plaintiff must file a notice of appeal within thirty (30) days of the date of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to do so is a waiver of the right to appeal the Court's decision.

Dated: June 23rd, 2023

/s/
Patricia Tolliver Giles
United States District Judge